# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| The Center for Assisted Reproductive Technologies, LLC; | ) | Case No. 24-bk-01921 |
| The Center for Reproductive Health, P.C.; | ) | Case No. 24-bk-01922 |
| Fertility Laboratories of Nashville, LLC; and | ) | Case No. 24-bk-01923 |
| American Embryo Adoption Agency, LLC. | ) | Case No. 24-bk-01924 |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | Judge Walker |
| | ) | |

## EXPEDITED MOTION TO APPOINT CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, TO DISMISS CASE

Paul Randolph, Acting U.S. Trustee of Region 8, by and through counsel, moves the Court, after notice and hearing, for an order pursuant to 11 U.S.C. § 1104 to appoint a Chapter 11 trustee, or in the alternative to dismiss these cases, pursuant to 11 U.S.C. § 1112(b). The U.S. Trustee offers the following in support of this Motion:

### SUMMARY OF RELIEF REQUESTED

1. <u>Expedited Relief Requested</u>. The U.S. Trustee respectfully requests the Court appoint a Chapter 11 Trustee after an expedited hearing, or in the alternative to dismiss these cases.

2. <u>Basis for Urgency</u>. This Motion must be considered on an expedited basis to ensure the safety of Debtors' genetic material and patient records. On April 26, 2024, the Chancery Court of Davidson County entered a temporary restraining order against Debtors and their owner Dr. Jamie M. Vasquez in *State of Tennessee v. Vasquez, et al.*, Case No. 24-0520 (Tenn. Chancery Court, 20th Judicial District) in which Jeremiah Foster ("Receiver") was appointed as temporary receiver ("TRO," attached as **Exhibit A to Receiver Report at Exhibit 1**, below). On May 21, 2024, the Receiver filed its Inventory and Initial Report ("Receiver Report," attached as **Exhibit**

**1**). The deposition of Dr. Jamie M. Vasquez was scheduled for May 29, 2024, but it did not occur because late on May 28, 2024 ("Petition Date"), Debtors filed these Chapter 11 cases, as skeletal petitions without mailing matrices. The next day, Debtors' counsel made demand for the Receiver to turnover Debtors' assets to Dr. Vasquez pursuant to 11 U.S.C. §543. Based on the facts contained in the Receiver Report and the TRO and discussions with all interested parties, the U.S. Trustee has numerous concerns with Debtors' ability to safely maintain the genetic material and associated records. Upon information and belief, the TRO and the receivership that it instituted is set to expire June 7, 2024. Debtors have also informally raised concerns about the Receiver's ability to safely maintain or transport the genetic material. Since both the Debtors and the receiver have raised concerns about the other party's ability to safely maintain the genetic material and the receivership is set to expire, the U.S. Trustee seeks the appointment of a Chapter 11 Trustee.

3. <u>Notice</u>. This Motion has been served on Debtors' counsel, the State of Tennessee, and the Receiver via email. Debtors have not filed a mailing matrix in this case, and presumably additional precautions will be needed to protect the privacy of Debtors' former patients before notice is provided to them.

4. <u>Suggested Hearing Date</u>. The U.S. Trustee requests a hearing on this Motion on June 5, 2024, at 11 a.m. in Courtroom 2, Second Floor Customs House, 701 Broadway, Nashville, Tennessee 37203. The U.S. Trustee also requests that the time to object to this Motion be shortened to Monday, June 3, 2024 at 4 p.m.

5. <u>Supporting Argument</u>. The Debtor supports this Motion as set forth below.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. The Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. Late on May 28, 2024, Debtors filed these Chapter 11 cases as skeletal petitions without mailing matrices. Debtors are four entities owned by Dr. Vasquez that operated a fertility clinic in Nashville, Tennessee from 1995 until April 2024.

9. On April 26, 2024, the Chancery Court of Davidson County entered a TRO against the Debtors and their owner, Dr. Vasquez, in *State of Tennessee v. Vasquez, et al.*, Case No. 24-0520 in which the Receiver was appointed.

10. On May 2, 2024, the Tennessee Board of Licensing Health Care Facilities entered an Order of Summary Suspension (attached as **Exhibit 2**), upon the application of the Tennessee Health Facilities Commission and Office of Legal Services for a summary suspension of Debtor, The Center for Assisted Reproductive Technologies, LLC. In the Order of Summary Suspension, serious concerns were noted about debtor's medical director, employees, infection control protocols, equipment and patients' access to medical records and embryos.

11. On May 21, 2024, the Receiver filed its Receiver Report.

12. The Attorney General's Office was scheduled to depose Dr. Vasquez on May 29, 2024, and there was a state court hearing scheduled on June 3, 2024, to determine whether the TRO and its Receiver would become permanent. Both were cancelled due to the filing of these cases.

13. On May 30, 2024, the U.S. Trustee's Office conducted its Initial Debtor Interview with Debtors' counsel and their owner, Dr. Vasquez. During this meeting, Debtors articulated their concerns about the ability of the Receiver to care for genetic material properly, to respond timely to former patients, and to transport the genetic material to another provider. Debtors also

state that they are currently not able to file their Schedules, Statement of Financial Affairs, or mailing matrix because the Receiver has control of their records.

## BASIS FOR RELIEF

14. Section 1104 requires the Court to order the appointment of a Chapter 11 Trustee for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case. The Court may also appoint a trustee if it is in the best interest of creditors. In analyzing the "best interest" test, bankruptcy courts often consider (1) the debtor's ability to protect assets, (2) the debtor's loyalty, (3) the debtor's impartiality, (4) the overall management of the debtor, past and present, (5) trustworthiness of the debtor's management, (6) confidence of the business community and creditors in present management, and (7) practical considerations, such as the benefits derived by the appointment of a trustee balanced against costs. *See generally In re Thomas*, 596 B.R. 350 (W.D. Ten 2019); *In re Citizens Corp.*, 2012 WL 649853 (Bankr. M.D. Tenn. 2012).

15. Alternatively, section 1112(b)(1) provides for dismissal or conversion to Chapter 7, whichever is in the best interests of creditors and the estate, if the movant establishes cause. *In re V Companies*, 274 B.R. 721, 740 (Bankr. N.D. Ohio 2002). Section 1112(b)(4) of the Bankruptcy Code fails to define the term "cause," but provides a non-exclusive list of circumstances that constitute "cause" for conversion or dismissal. *In re Fall*, 405 B.R. 863, 867 (Bankr. N.D. Ohio 2009). A trustee may also be appointed after cause is established if the Court determines that the appointment is in the best interest of creditors and the estate.

16. On the Petition Date, Debtors were subject to a highly contentious temporary state court receivership. At the time Debtors' filed bankruptcy, the state court had not yet decided whether to make the receivership permanent. Because the receivership is set to expire on June 7,

2024, and there are several serious allegations against the Debtors' owner, Dr. Vasquez, in which no findings have been made after adequate due process, a Chapter 11 Trustee is needed to manage the Debtors and to maintain and transport the genetic material safely. A trustee may also be needed to investigate and prosecute any potential Chapter 5 causes of action, including those involving insiders.

17. Here, the interests of the Debtor's former clients and the State of Tennessee, who appear to be the most significant creditors of Debtors, will be served by an appointment of a Chapter 11 Trustee to maintain and transport the genetic material and patient records of Debtors. The failure to maintain these assets would result in significant ethical and financial liability to all parties.

18. Currently, the State of Tennessee has guaranteed the payment of the Receiver's fees up to $150,000, but it appears that the costs of the Receiver have already exceed that amount and the cost of maintaining and transferring Debtors' assets is likely to be significant going forward.

19. Debtors have little to no funds, but their owner, Dr. Vasquez, states that he is able and willing to fund the necessary professionals to liquidate the Debtors. If Dr. Vasquez will provide a sufficient retainer, the appointment of a Chapter 11 trustee with all the powers and duties granted under section 1106 of the Bankruptcy Code is in the best interest of the estate.

20. Alternatively, if funds to pay professionals are not available, dismissal under 11 U.S.C. § 1112(b), or abstention in favor of the receivership proceedings under 11 U.S.C. § 305, would allow sufficient time for the Receiver and the State of Tennessee to return to state court and seek to make the receivership permanent, if appropriate.

WHEREFORE, the U.S. Trustee respectfully requests that the Court appoint a Chapter 11 trustee, or in the alternative dismiss the case, and other such other relief as may be appropriate.

Respectfully submitted,

**PAUL RANDOLPH**,

Acting U.S. Trustee, Region 8

*/s/ Megan Seliber*
MEGAN SELIBER, Trial Attorney
REBBECA YIELDING, Trial Attorney
Office of the U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 695-4060
Megan.Seliber@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 30, 2024, a copy of the foregoing document was sent electronically to registered ECF users and by email to the following:

Matthew D. Janssen - Matthew.Janssen@ag.tn.gov;
David McDowell - David.McDowell@ag.tn.gov;
Kelley L. Groover - Kelley.Groover@ag.tn.gov;
Kristine M. Knowles - Kristine.Knowles@ag.tn.gov;
Gill Geldreich - Gill.Geldreich@ag.tn.gov;
Bill McCormick - Bill.Mccormick@ag.tn.gov;
Jeremiah Foster - JFoster@resolutecommercial.com;
Peter Riggs - priggs@spencerfane.com;
Stephen Zralek - szralek@spencerfane.com;
Phillip Young - phillip@thompsonburton.com;
Justin Campbell - justin@thompsonburton.com;
Dr. Jamie Vasquez – drjamievasquez@gmail.com.

/s/ Megan Seliber
MEGAN SELIBER