# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| The Center for Assisted Reproductive Technologies, LLC; | ) | Case No. 3:24-bk-01921 |
| The Center for Reproductive Health, P.C.; | ) | Case No. 3:24-bk-01922 |
| Fertility Laboratories of Nashville, LLC; and | ) | Case No. 3:24-bk-01923 |
| American Embryo Adoption Agency, LLC; | ) | Case No. 3:24-bk-01924 |
| | ) | |
| Debtors. | ) | |

## MOTION TO DISMISS BANKRUPTCY CASES AND
## REQUEST FOR EXPEDITED HEARING ON JUNE 5, 2024 AT 11:00 A.M.

COMES NOW, Jeremiah Foster of Resolute Commercial Services, LLC (the "Receiver"), the duly-appointed Receiver for the Center for Assisted Reproductive Technologies, LLC ("CART"), Center for Reproductive Health, P.C. ("CRH"), Fertility Laboratories of Nashville LLC ("FLN"), and American Embryo Adoption Agency, LLC ("AEAA"), (collectively, the "Receivership Defendants") and requests that this Court dismiss the four bankruptcy cases filed by the Receivership Defendants (CART, Case No. 3:24-bk-01921, CRH, Case No. 3:24-bk-01922, FLN, Case No. 3:24-bk-01923, AEAA, Case No. 3:24-bk-01924) (the "Bankruptcy Cases") for cause pursuant to 11 U.S.C. § 1112(b)(1) due to lack of authority to file the bankruptcy petitions and requests that the Court consider this motion in expedited fashion pursuant to Local Bankruptcy Rule 9075-1, by consolidating it to be heard with the other motions presently set for hearing on June 5, 2024 at 11:00 a.m.

On May 28, 2024 (the "Petition Date"), the Receivership Defendants were placed into Chapter 11 bankruptcies by their former principal, Dr. Jaime M. Vasquez, M.D. ("Dr. Vasquez"). Prior to the Petition Date, the State of Tennessee (the "State") brought a civil enforcement action in the Chancery Court of Davidson County, Tennessee against the Receivership Defendants and

Dr. Vasquez asserting violations of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 to 131 (the "Chancery Court Litigation"). In the Chancery Court Litigation, the Receiver was appointed over the Receivership Defendants under Tennessee law pursuant to a Temporary Restraining Order ("TRO") entered April 26, 2024, by Chancellor Russell Perkins of the Davidson County Chancery Court. *See* **Exhibit 1**, Attached. By agreement of the State, Dr. Vasquez, and the Receivership Defendants, the TRO was extended through June 7, 2024. *See* **Exhibit 2**, Attached.

Due to the filing of the Bankruptcy Cases, all proceedings in the Chancery Court Litigation have been stayed. The Chancery Court Litigation was also improperly removed notwithstanding that the case was exempt from removal as a police powers case. As set forth herein in more detail, the Bankruptcy Cases were filed without the Receiver's authority, and in violation of the TRO.

Prior to the Petition Date, the Receivership Defendants and Dr. Vasquez operated a fertility clinic. That business abruptly closed in early April as the Receivership Defendants lacked sufficient funds to continue operations. In the Chancery Court Litigation, the State asserted that upon the closure of the Receivership Defendants, the patient base became alarmed due to the lack of communication they received surrounding the closure and the status of their care, scheduled appointments, and other matters. Given the sensitivity surrounding the Receivership Defendants' business and the genetic materials being housed on site, the State then sought and obtained the appointment of the Receiver to manage and liquidate the Receivership Defendants' business, including efforts to transfer the genetic materials to another provider for continued safe keeping.

Among the assets of the Receivership Defendants presently being administered as part of the Receiver's ongoing preservation efforts are hundreds of specimens of human genetic material including human embryos, sperm, and oocytes.

The Receiver respectfully requests expedited consideration of this motion. Due to the filing of the Bankruptcy Cases and the stay of the Chancery Court Litigation, it is critical to receive the Court's immediate ruling on whether these Bankruptcy Cases can continue notwithstanding their being filed in violation of the TRO and without proper corporate authorization from the Receiver. This is especially important because the TRO expires on June 7, 2024 and the Receiver has statutory obligations under 11 U.S.C. § 543.[1]

As set forth above, the Receiver requests that this motion be set for hearing on June 5, 2024, at 11 a.m. in Courtroom 2, Second Floor Customs House, 701 Broadway, Nashville, TN 37203. The Receiver also asks that the time to object to this Motion be shortened to Monday, June 3, 2024, at 4 pm.

For the reasons stated below, the Receiver requests that this Court dismiss this case and requests other relief as stated herein.

## **BACKGROUND**

The Debtor in this case is a corporate entity that is in a receivership under Tennessee law. Debtor's former manager, Dr. Vasquez, caused the Bankruptcy Cases to be filed, but under the terms of the order establishing the receivership, he did not have authority to do so. Chancellor Perkins removed Dr. Vasquez's authority to manage the corporation due to gross mismanagement in his operation of the business that resulted in violations of the Tennessee Consumer Protection Act, as alleged by the State in the Chancery Court Litigation.

Prior to the Petition Date, the Receivership Defendants were engaged in the business of providing various fertility services, including but not limited to the freezing and storage of

---

[1] The Receiver will be filing a motion for temporary relief from the requirements of 11 U.S.C. § 543.

embryos, eggs, and sperm. But because of Dr. Vasquez's alleged inability to properly manage the businesses, the Receivership Defendants' acute lack of available cash, and concerns about the safety and security of hundreds of human embryos and other highly sensitive genetic material, the State filed the Chancery Court Litigation and sought and obtained the TRO, which removed Dr. Vasquez's authority to operate the business and installed the Receiver in Dr. Vasquez's stead.

Among other relief, the TRO specifically granted the Receiver the ability to place the Receivership Defendants into bankruptcy, and enjoined Dr. Vasquez from doing so without leave of the Chancery Court. See Ex. 1. at p. 16, 23. In addition, the TRO also granted the Receiver with specific authority and tools to provide constant care as necessary for the preservation of highly sensitive materials. Ex. 1 at pp. 11-23.

By its own terms and under a subsequent order extending it, the TRO is set to expire on June 7, 2024. The Chancery Court set a hearing for June 3, 2024, to consider whether to extend the TRO on a more permanent basis. In advance of the hearing on June 3, lawyers for the Attorney General were set to depose Dr. Vasquez and a corporate designee of the Debtor on May 29, 2024.

On May 28, 2024, the day before his scheduled deposition and in violation of the TRO, Dr. Vasquez filed a skeletal petition on behalf of the Debtor under Chapter 11, thereby initiating these proceedings. Dr. Vasquez also filed a Notice of Removal to the district court under 28 U.S.C. § 1452, seeking to remove the Chancery Court proceedings to federal court. Because of Dr. Vasquez's unlawful filing and improper removal of the Chancery Court Action, proceedings in the Chancery Court have been stayed pending further orders of this Court. Dr. Vasquez did not seek and did not obtain the consent of the Receiver to the filing of the Bankruptcy Cases.

## ARGUMENT

Dr. Vasquez does not have authority under Tennessee law to file Debtors' bankruptcy petitions. This power clearly rests solely with the Receiver pursuant to the TRO issued by the Chancery Court, and Dr. Vasquez acted unlawfully and without corporate authority when he filed the bankruptcy petitions on behalf of the Receivership Defendants.

The issue of who has authority to bind a corporate entity to a voluntary bankruptcy filing is one of state law. *See In re 530 Donelson, LLC*, No. 3:24-bk-00879, 2024 WL 1810790, at *3 (Bankr. M.D. Tenn. Apr. 25, 2024) (citing *Union Planters Nat'l Bank v. Hunters Horn Assocs. (In re Hunters Horn Assocs.*, 158 B.R. 729, 730 (Bankr. M.D. Tenn. 1993)). If those who claim to act on behalf of a corporation have not been granted authority under state law to initiate a bankruptcy proceeding, the Court has no alternative but to dismiss the bankruptcy case. *See Price v. Gurney*, 324 U.S. 100, 106 (1945); *In re DB Cap. Holdings*, LLC (10th Cir. BAP (Colo.) 2010) (stating that a bankruptcy case filed on behalf of an entity by someone without authority under state law to act for that entity is improper and must be dismissed). State law includes the decisions of state courts. *See Tenneco West, Inc. v. Marathon Oil Co.*, 756 F.2d 769, 771 (9th Cir. 1985).

The general rule in the Sixth Circuit is that the appointment of a receiver under a typical order and injunction does not prevent the managers of an entity from filing a bankruptcy petition. *See In re 530 Donelson, LLC*, 2024 WL 1810790, at *4. If a "court intends in a receivership order to deprive a company of the right to file bankruptcy, it must expressly state its intent to deviate from the general rule that a receivership will not affect bankruptcy rights." *Id.*

Some courts have expressed concern regarding the enforceability of state court orders that limit an entity's ability to file bankruptcy. *See In re 530 Donelson, LLC*, at *5 (noting, but not deciding, the issue). **But when a receivership order provides that the receiver is the one with**

**the authority to file bankruptcy (even if it does not expressly prevent a debtor from filing), federal courts have enforced those provisions.** *See In re Licores*, 2013 WL 6834609, at *6 (C.D. Cal. Dec. 20, 2013) ("The Receivership Order, however, does not divest Debtor from its power to seek bankruptcy protection; rather, the order identifies *who* has the power to file the bankruptcy petition on behalf of the Debtor."); *Citizens & Northern Bank v. Pembrook Pines Mass Media, N.A.*, 2012 WL 1119755, at *3 (W.D.N.Y. Apr. 3, 2012) ("Here, the [order] does not prevent [Debtor] from voluntarily filing a petition in Bankruptcy Court. Instead, it gives the authority to make that decision to the Receiver."); *see also In re Sino Clean Energy, Inc.*, 901 F.3d 1139, 1141-42 (9th Cir. 2018) (affirming order to dismiss bankruptcy petition when board members who attempted to authorize the filing had been removed under the receivership order).

Here, the TRO specified *who* had the authority under state law to file a bankruptcy petition on behalf of the Receivership Defendants. The TRO provided two options for the Receivership Defendants to file a bankruptcy petition: (1) a defendant could obtain leave of the Chancery Court to file; or (2) the Receiver could file (without having to obtain leave). *See* TRO at 16, para. VIII.X (authorizing the Receiver to file bankruptcy petitions for the Receivership Defendants); TRO at 23, para XIII.A (order that Defendants are enjoyed from filing a bankruptcy petition for Defendants "except by leave of this Court"). Here, the Receivership Defendants filed bankruptcy without obtaining leave of the Chancery Court. As such, the Receivership Defendants' bankruptcy filings were not authorized under state law.

### EXPEDITED RELIEF REQUESTED

For the foregoing reasons, the Receiver requests that this Court dismiss this bankruptcy case in an expedited manner on or before June 7, 2024. In addition, if the Court takes this matter under advisement and does not issue a ruling prior to June 7, 2024, the Receiver requests that the

Court enter an interim order specifying that the receivership estate shall remain intact at least until such time as the Court issues a decision on the Motion to Dismiss and granting relief from any obligations under 11 U.S.C. § 543 to return property or control of property to Dr. Vasquez.

Dated: May 31, 2024

Respectfully submitted,

/s/ *Stephen J. Zralek*
Stephen J. Zralek, TN BPR No. 18971
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6305
szralek@spencerfane.com

and

/s/ Peter Riggs
Peter Riggs (*pro hac vice* forthcoming)
Missouri Bar No.: 57268
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
priggs@spencerfane.com

*Attorneys for the Receiver, Jeremiah Foster*

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document on the following counsel of record via ECF, this 31st day of May, 2024:

Justin Timothy Campbell, Esq.
Phillip G. Young, Esq.
THOMPSON BURTON PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067

KC 22289543.4

justin@thompsonburton.com
[phillip@thompsonburton.com](mailto:phillip@thompsonburton.com)
and

Dixie W. Cooper, Esq.
Cumberland Litigation, PLLC
5005 Maryland Way, Suite 225
Brentwood, TN 37027
dixie@cumberlandlitigation.com

*Counsel for the Receivership Defendants*

Megan Reed Seliber, Esq.
US Trustee's Office
701 Broadway, Suite 318
Nashville, TN 37203
Megan.seliber@usdoj.gov

Rebecca Jo Yielding, Esq.
USTP
701 Broadway, Suite 318
Nashville, TN 37203
Rebecca.j.yielding@usdoj.gov

Jonathan Skrmetti, Esq.
David McDowell, Esq.
Matthew D. Janssen, Esq.
Kelley Groover, Esq.
Kristine Knowles, Esq.
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
Public Protection Section
Consumer Protection Division
UBS Tower, 20th Floor
315 Deaderick Street
Nashville, TN 37243
David.mcdowell@ag.tn.gov
Matthew.janssen@ag.tn.gov
Kelley.groover@ag.tn.gov
Kristine.knowles@ag.tn.gov

*Counsel for the State of Tennessee*

/s/ *Stephen J. Zralek*