**IN THE UNTIED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE CENTER FOR REPRODUCTIVE HEALTH, | ) | |
| P.C. | ) | CASE NO. 3:24-bk-01922 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |

### DEBTOR'S WITNESS AND EXHIBIT LIST FOR JUNE 5, 2024 HEARING

Comes now the Debtor in this matter, by and through undersigned counsel, and hereby gives notice of the witnesses it may call, and exhibits it may introduce, at the June 5, 2025 expedited hearing scheduled by the Court in this matter[1]:

### WITNESS LIST

1.      <u>Dr. Jaime Vasquez</u>.  If called to testify, Dr. Vasquez will testify regarding the nature of the business of the Debtor, the events leading to the closure of the Debtor's operations, the actions that were being taken by the Debtor to ensure a smooth and efficient transition of the Debtor's operations to a third-party entity, the State of Tennessee's legal actions against the Debtor to appoint a receiver, the effect of the receivership on the transition of the Debtor's

---

[1] Prior to the response deadline established by the Court, the Debtor intends to file a response concurring with the United States Trustee's suggestion for the appointment of a Chapter 11 Trustee, but opposing attempts by any party, including the former receiver, to dismiss these cases.  It is unclear whether an evidentiary hearing will be necessary since the former receiver's position seems to require only legal argument.  This witness and exhibit list is being filed as a precautionary measure.  If an evidentiary hearing is required, the evidence will show that the state court receiver is endangering human embryos and related biological matter currently in the possession of the receiver and has not, or cannot, efficiently transition that material to a third party for safekeeping.  Understanding that the State of Tennessee makes similar claims about the Debtor's ability to care for the embryos, the Debtor agrees with the Trustee that the best course of action is the appointment of a Chapter 11 Trustee to manage the transition of these businesses and the related biological materials.

operations, the medical process and necessary credentialing for storing embryos and other human biological material, the Debtor's ability to properly manage that storage, the state court receiver's inability to properly manage that storage, the state court's inability to transfer biological material related to the Debtor's operations to a third party, the costs incurred by the state court receiver in one month of service, and the problems that have been exacerbated by the receivership. Dr. Vasquez will also testify that he consents to the United States Trustee's suggestion of the appointment of a Chapter 11 Trustee.

2. <u>Dena Atassi.</u> If called to testify, Ms. Atassi will testify about her experience as a senior embryologist, the work she previously performed for the Debtor, her knowledge of the intricacies of storing and handling frozen human embryos, her opinion as to whether Dr. Jaime Vasquez has the ability to properly manage the biological material at issue in this case, her observations of the receiver's inability to properly manage the biological material at issue in this case, her attempts to contact the receiver to advise him on the proper methods for managing the biological material, the receiver's response to those attempts, and her opinion on what is in the best interest of the patients of the Debtor and the embryos stored in the Debtor's facility.

3. The Trustee reserves the right to call the witnesses identified by any other party, any other witnesses needed to rebut evidence offered by any other party, and/or any other witnesses needed to address issues raised in any objection.

## EXHIBIT LIST

1. All documents previously filed with the Court in this matter.

2. All documents previously filed in the state court matter styled *State of Tennessee v. Vasquez*, including but not limited to the Complaint, *Ex Parte* Motion for the Appointment of

a Receiver, Temporary Restraining Order, Affidavits, Receiver's Reports, and Receiver's Fee Applications.

3.  Text messages sent to Dena Atassi from a monitoring company during the receivership indicating that the humidity in the Debtor's facilities was too high for the proper storage of human embryos.

4.  The Trustee reserves the right to introduce any exhibits identified by any objecting party, any exhibits needed to rebut evidence offered by any objecting party, and/or any other exhibits needed to address issues raised in any objection.

DATED: June 3, 2024

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Counsel for the Debtor