**IN THE UNTIED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE CENTER FOR ASSISTED REPRODUCTIVE | ) | |
| TECHNOLOGIES, LLC, | ) | CASE NO. 3:24-bk-01921 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | | |
| In re: | ) | |
| | ) | |
| THE CENTER FOR REPRODUCTIVE HEALTH, | ) | |
| P.C. | ) | CASE NO. 3:24-bk-01922 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | | |
| In re: | ) | |
| | ) | |
| FERTILITY LABORATORIES OF NASHVILLE, | ) | |
| LLC, | ) | CASE NO. 3:24-bk-01923 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | | |
| In re: | ) | |
| | ) | |
| AMERICAN EMBRYO ADOPTION AGENCY, | ) | |
| LLC, | ) | CASE NO. 3:24-bk-01924 |
| | ) | CHAPTER 11 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |

**DEBTOR'S RESPONSE TO US TRUSTEE'S EXPEDITED MOTION TO APPOINT
CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, TO DISMISS CASE AND TO
FORMER RECEIVER'S MOTION TO DISMISS BANKRUPTCY CASES**

Comes now the Chapter 11 Debtors in these related matters, The Center for Reproductive

Health, P.C., The Center for Assisted Reproductive Technologies, LLC, Fertility Laboratories of

Nashville, LLC and American Embryo Adoption Agency, LLC (collectively, the "Debtors") by

and through undersigned counsel, and hereby responds to the US Trustee's Expedited Motion to Appoint Chapter 11 Trustee or, in the Alternative, to Dismiss Case (the "UST Motion") and to the Former Receiver's Motion to Dismiss Bankruptcy Cases (the "Receiver's Motion").[1]  In summary, the Debtors support the United States Trustee's request for the appointment of a Chapter 11 Trustee and object to any request to dismiss these bankruptcy cases.  In support thereof, the Debtors state as follows:

**<u>DEBTORS CONSENT TO THE APPOINTMENT OF A TRUSTEE</u>**

As stated above, the Debtors consent to the appointment of a Chapter 11 Trustee.  In fact, not only do the Debtors consent to a Trustee, Dr. Vasquez is willing to fund the Chapter 11 proceedings personally, when the freeze of his assets expires (currently, June 7, 2024).  Dr. Vasquez has more than sufficient assets to pay the administrative expenses of a Chapter 11 and is willing to do so in order to fulfill what he views as his moral and ethical duty to his patients and to the embryos in the care of the Debtors.

It is unclear why any party would oppose the appointment of a Chapter 11 Trustee.  The Trustee can independently review this situation and determine, if appropriate, to grant stay relief, to employ the Receiver in some capacity, or to dismiss the cases.  However, the Debtors believe that an independent party, acting as a fiduciary to the creditors of these estates, to the patients, and to the embryos, will determine that the embryos can be quickly, safely and efficiently transitioned to a new healthcare provider within weeks.  This has been Dr. Vasquez's and the

---

[1] The Debtors, US Trustee, and Receiver had agreed that no response from the Debtors would be necessary at this time in light of the agreement between the parties, as reflected in an Agreed Order submitted at approximately noon on June 4, 2024.  However, in light of the Court's docket entries at approximately 7:00 p.m. on June 4, 2024, the Debtors submit this objection as a precaution, so that the Court does not believe that dismissal at this time is unopposed.

Debtors' goal since shortly after April 5, 2024; the Debtors believe that the appointment of a

Trustee is the best means of accomplishing that goal at this juncture.

**THE DEBTORS OPPOSE DISMISSAL OF THESE CASES**

1.  <u>The Debtors and its principal, Dr. Vasquez, have a constitutional right to file these bankruptcy cases and any injunction to the contrary is a violation of that constitutional right.</u>

The former receiver has filed a motion to dismiss these cases on a legal ground, that is

that the Debtors' principal, Dr. Jaime Vasquez, lacked adequate authority to file these cases due

to an injunctive provision in an *ex parte* temporary restraining order entered by a state court.

This involves a fairly complex issue of constitutionality and federalism that has broad and

sweeping implications on parties' rights to seek bankruptcy protection; fortunately, The

Honorable Randal S. Mashburn has very recently authored an order that should give this Court

guidance.

In *In re 530 Donelson, LLC*, Case No. 3:24-bk-00879, Judge Mashburn was asked to

determine whether the principal of a debtor that was subject to a receivership could nonetheless

file a voluntary Chapter 11 petition on behalf of that debtor. In the *530 Donelson* case, the

receivership issue at issue did not address the authority to file a bankruptcy; therefore, Judge

Mashburn determined that the Debtor's principal clearly had the authority to file a petition on

behalf of the debtor. While not determinative of the case, Judge Mashburn nonetheless opined

on the Sixth Circuit's protection of the constitutional right of a party to file bankruptcy. After

noting that there are two principles that could be derived from Sixth Circuit jurisprudence, Judge

Mashburn wrote:

> The second principle derived from the Sixth Circuit cases is that it is
> questionable whether any provision expressly prohibiting bankruptcy would
> be enforceable and not preempted by the Bankruptcy Code. *Yaryan Naval Stores*,
> 214 F. at 565-66 ("To deny the right of the debtor . . . to take the benefit of the act

and thereby secure a discharge from its debts, is to deny the ultimate paramountcy of the act[.]"); *see also Merritt v. Mt. Forest Fur Farms of Am., Inc.* (*In re Mt. Forest Fur Farms of Am., Inc.*), 103 F.2d 69, 71 (6th Cir. 1938) (recognizing a constitutional right to seek relief under the Bankruptcy Act and Art. 1, Sec. 8, clause 4, Constitution of the United States, and holding a state court order restraining the debtor and its management from filing bankruptcy without the consent of the state court to be "erroneously entered" as it denied the company of its constitutional right), cert. denied 308 U.S. 583 (1939); *In re Donaldson Ford, Inc.*, 19 B.R. 425, 431 (Bankr. N.D. Ohio 1982) (citing *Merritt*, 103 F.2d 69) (stating that any attempt to prohibit a voluntary Chapter 11 filing would be ineffective).

*In re 530 Donelson, LLC*, Case No. 3:24-bk-00879, Doc. No. 74, p. 8.

Indeed, an examination of cases cited in the *530 Donelson* case shows that the Sixth Circuit has consistently and jealously guarded the rights of parties to seek federal bankruptcy protections regardless of a state order to the contrary. In finding unenforceable a court's injunction against any party but the receiver filing for bankruptcy relief, the Sixth Circuit noted: "The settled rule is that the jurisdiction of the courts in bankruptcy in the administration of the affairs of insolvent persons and corporations is exclusive and paramount." *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914) (citations omitted). The Sixth Circuit later went so far as finding that a state court's injunction against a corporation's principals seeking bankruptcy protection is unconstitutional, violating Article 1, Section 8, Clause 4 of the United States Constitution. *In re Mt. Forest Fur Farms, Inc.*, 103 F.2d 69, 71 (6th Cir. 1939).

In his brief, the receiver argued that case law indicates that it is state law that determines whether a party has properly authorized a bankruptcy filing and that, here, the receiver was the only party so authorized due to a state court injunction. While it is true that state law dictates all matters of corporate governance, it is untrue that a state court injunction is given precedence over a federal court right to seek bankruptcy. In *In re Donaldson Ford, Inc.,* 19 B.R. 425 (Bankr. N.D. Ohio 1982), the Bankruptcy Court for the Northern District of Ohio considered an identical

argument as the receiver makes here. That court summarized the argument as follows: "Movants contend, state rather than federal law controls, in the first instanced, to determine the capacity of a corporation to avail itself of the benefits of the Bankruptcy Code. That capacity, Movants argue, was lost as a result of the state court injunction, rendering the filing ineffectual." *Id.* at 428. However, the court distinguished deference to state law on issues such as the notice required for a board meeting to authorize bankruptcy or whether a corporation had been dissolved under state law versus a state court's order enjoining the filing of a bankruptcy petition. *See id.* Instead, the *Donaldson Ford* court found: "It has generally been held in this circuit that the pendency of an equity receivership will not ordinarily prevent a corporation from filing a voluntary petition in bankruptcy. The only recognized exception to this rule exists in cases which hold that an adjudication pursuant to a voluntary petition may be vacated for fraud." *Id.* at 428-29.

There has been no allegation of fraud in this case. Thus, Sixth Circuit jurisprudence is clear: Dr. Jaime Vasquez had authority to file bankruptcy petitions on behalf of the Debtors. This Court should decline to violate well-established Sixth Circuit case law protecting the constitutional right to file bankruptcy, and should deny the former receiver's motion to dismiss based solely on the terms of a state court temporary restraining order.

    2.    <u>There is no cause for dismissal pursuant to 11 U.S.C. § 1112(b).</u>

The US Trustee seeks dismissal pursuant to 11 U.S.C. § 1112(b). While the Debtors recognize that this relief is sought only as an alternative remedy, they nonetheless oppose this relief as there is no basis for dismissing these cases under this section of the Bankruptcy Code.

Section 1112(b)(1) provides for the conversion or dismissal of a Chapter 11 case for "cause". While "cause" is not exhaustively defined, the Code provides sixteen examples of "cause" in § 1112(b)(4):

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

None of these examples of "cause" are found in these cases; indeed, most are inapplicable. For example, the following examples of "cause" are inapplicable to this case for the following reasons:

(D) – The Debtors have not gained access to their bank accounts, which are still in possession of the receiver, so there can be no unauthorized use of cash collateral.

(E) – This Court has issued no orders with which the Debtors have not complied.

(F) – The time for filing and reporting has not neared, as this case is less than one week old.

6

(G) – The Debtors have not failed to attend any required meeting. The only meeting that has occurred at this point is the initial debtor conference, which the Debtors agreed to attend on an expedited basis at the request of the US Trustee.

(H) – The Debtors have attended the only meeting requested by the US Trustee and has provided them any requested information within their possession.

(I) – No post-petition taxes have accrued.

(J) – No plan or disclosure statement is due at this time.

(K) – All fees have been paid by the Debtors.

(L) – No confirmation order has been revoked.

(M) – It is premature for a plan to be presented and/or consummated.

(N) – No plan has been confirmed, thus there can be no default.

(O) – No plan has been confirmed, thus no plan has been terminated.

(P) – None of the Debtors owe domestic support obligations.

This leaves only three subsections of § 1112(b)(4) that could possibly be applicable: subsections (A), (B), and (C). Subsection (A) permits dismissal when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Debtors filed these cases for the exclusive purpose of preserving the estate, namely the patients and the human embryos, and have agreed to the appointment of a Trustee in order to effectively and efficiently manage the estate. Far from diminishing the estate, these cases will actually expand this estate because the Debtor's principal, Dr. Vasquez, has agreed to contribute additional capital to these cases to ensure their proper administration. Subsection (B) allows dismissal for gross mismanagement of the estate; that factor is certainly lacking here. First, the Debtors have not been allowed to manage their own estates as the former receiver

continues his exclusive possession (to the exclusion of the Debtors) of the assets and records of the Debtors. Second, the Debtors' agreement to allow the appointment of a Trustee and their procurement of funds to administer this estate is far from mismanagement; in fact, it is the responsible management of these estates. Finally, subsection (C) addresses insurance lapses. To the best of Dr. Vasquez's knowledge, all property insurance remains in place unless the receiver has failed to pay premiums as they come due. If that is the case, Dr. Vasquez intends to pay all insurance premiums.

Therefore, an examination of § 1112(b)(4) demonstrates that no "cause" exists to dismiss or convert these cases. The best interest of the creditors, patients, and embryos is served by these cases remaining in Chapter 11 and being administered by an appointed Chapter 11 Trustee.

3. <u>Appointment of a Chapter 11 Trustee is in the best interest of creditors and the estate.</u>

Not only is there no "cause" for dismissing this case, the interest of creditors and other parties interested in the outcome of these cases is best served by these cases remaining in Chapter 11, under the guidance of a Chapter 11 Trustee. At an evidentiary hearing, the evidence will show that a Chapter 11 Trustee is in the best position to safeguard the embryos, transfer them and the patients to a new healthcare provider, and to do so efficiently and economically. Thus, all parties in interest in this case would be best protected by the appointment of a Chapter 11 Trustee to manage the assets, liabilities, and operations of these Debtors.

Case 3:24-bk-01922   Doc 23   Filed 06/04/24   Entered 06/04/24 19:57:40   Desc Main
Document    Page 8 of 9

DATED: June 4, 2024

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Counsel for the Debtors